**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| **RODNEY DESSBERG,**<br><br>         **Plaintiff,**<br>v.<br><br>**PIZZA HUT, and**<br>**NPC INTERNATIONAL, INC.,**<br><br>         **Defendants.** | Case No.<br>8:17-cv-00294-JDW-JSS |

**DEFENDANT NPC INTERNATIONAL, INC.'S ANSWER**
**TO PLAINTIFF'S COMPLAINT**

For its answer to Plaintiff's Complaint, Defendant NPC International, Inc., ("NPC") states, alleges, and avers as follows:

**COUNT I**

1.      In response to paragraph 1 of Plaintiff's Complaint Count I, NPC admits that Plaintiff has brought an action requesting damages, but denies any liability for any and all damages, interest, costs, and attorneys' fees.

2.      In response to paragraph 2 of Plaintiff's Complaint Count I, NPC states that the document referenced in paragraph 2 speaks for itself, and NPC denies each and every allegation inconsistent therewith.

3.      NPC objects to paragraph 3 of Plaintiff's Complaint Count I as it is vague as to "Defendant." To the extent a response is required, NPC denies the allegations contained in paragraph 3 of Plaintiff's Complaint Count I.

4.      NPC objects to paragraph 4 of Plaintiff's Complaint Count I as it is vague as to "Defendant." To the extent a response is required, NPC denies the allegations contained in paragraph 4 of Plaintiff's Complaint Count I.

5. NPC objects to paragraph 5 of Plaintiff's Complaint Count I as it is vague as to "Defendant." To the extent a response is required in response to paragraph 5 of Plaintiff's Complaint Count I, NPC is without sufficient information as to Plaintiff's obligations to admit or deny said allegation, and therefore denies the same. In response to the remaining allegations of paragraph 5, NPC states that the document referenced in paragraph 5 speaks for itself, and NPC denies each and every allegation inconsistent therewith.

6. To the extent a response is required to Plaintiff's prayer for relief at the conclusion of Count I, NPC denies that Plaintiff is entitled to the relief requested, and further denies any and all liability.

7. NPC denies all allegations not specifically admitted herein.

## COMMON ALLEGATIONS TO ALL AFFIRMATIVE DEFENSES

8. NPC incorporates its allegations and hereby re-alleges and restates all averments in paragraphs 1 through 7 above.

9. The May 21, 2004 Space Lease (the "Lease") attached to Plaintiff's Complaint provides under Section 18 that "Landlord will be in default under this Lease if Landlord fails to pay any obligation under any mortgage."

10. On or about September 29, 2014, Plaintiff was in default for failing to pay a mortgage obligation to mortgagee Wells Fargo Bank.

11. On or about November 13, 2014, NPC provided Plaintiff a Lease Termination Notice (the "Termination Notice"), electing to terminate the Lease on December 31, 2014 (the "Lease Termination Date"). A true and accurate copy of the Termination Notice is attached hereto as **Exhibit A**.

12. The Termination Notice further notified Plaintiff that NPC would vacate the property on the Lease Termination Date in accordance with Lease Section 10.16.

## AFFIRMATIVE DEFENSES

### Affirmative Defense No. 1.

13. NPC incorporates the allegations and hereby re-alleges and restates all averments in paragraphs 1 through 12 herein.

14. Plaintiff's Complaint fails to state a claim or any facts entitling Plaintiff to relief against NPC.

### Affirmative Defense No. 2.

15. NPC incorporates the allegations and hereby re-alleges and restates all averments in paragraphs 1 through 14 herein.

16. Plaintiff's claims are barred by the agreements between the parties and/or the agreements between the parties' predecessors in interest.

### Affirmative Defense No. 3.

17. NPC incorporates the allegations and hereby re-alleges and restates all averments in paragraphs 1 through 16 herein.

18. Plaintiff's claims are barred by waiver, estoppel, and/or laches.

### Affirmative Defense No. 4.

19. NPC incorporates the allegations and hereby re-alleges and restates all averments in paragraphs 1 through 18 herein.

20. Plaintiff has failed to mitigate its damages, if any, and thus Plaintiff's claim is barred, or a set-off should be granted.

**Affirmative Defense No. 5.**

21. NPC incorporates the allegations and hereby re-alleges and restates all averments in paragraphs 1 through 20 herein.

22. Plaintiff's claims are barred by the doctrine of election of remedies and/or inconsistent theories of recovery.

**Affirmative Defense No. 6.**

23. NPC incorporates the allegations and hereby re-alleges and restates all averments in paragraphs 1 through 22 herein.

24. Plaintiff reserves the right to assert such other affirmative defenses that are made known during the course of discovery.

**Affirmative Defense No. 7.**

25. NPC incorporates the allegations and hereby re-alleges and restates all averments in paragraphs 1 through 24 herein.

26. In further defense, NPC incorporates all of its allegations as though fully set forth herein.

WHEREFORE, Defendant NPC International, Inc. prays that judgment be entered in favor of Defendant NPC International, Inc.; that Plaintiff Rodney Dessberg's Complaint Count I be dismissed herein; that Defendant NPC International, Inc. be awarded attorneys' fees, costs and expenses incurred herein; and for such other and further relief as this Court deems just and proper.

**COUNT II**

27. NPC incorporates the allegations and hereby re-alleges and restates all averments and affirmative defenses in paragraphs 1 through 26 herein.

28. In response to paragraph 1 of Plaintiff's Complaint Count II, NPC admits that Plaintiff has brought an action requesting damages, but denies any liability for any and all damages, interest and costs.

29. NPC objects to paragraph 2 of Plaintiff's Complaint Count II as it is vague as to "Defendant." To the extent a response is required, NPC is without sufficient information to admit or deny Plaintiff's allegation, and therefore denies the same.

30. NPC objects to paragraph 3 of Plaintiff's Complaint Count II as it is vague as to "Defendant." To the extent a response is required, NPC is without sufficient information to admit or deny Plaintiff's allegation, and therefore denies the same.

31. NPC denies each and every allegation contained in paragraph 4 of Plaintiff's Complaint Count II.

32. NPC denies each and every allegation contained in paragraph 5 of Plaintiff's Complaint Count II.

33. To the extent a response is required to Plaintiff's prayer for relief at the conclusion of Count II, NPC denies that Plaintiff is entitled to the relief requested, and further denies any and all liability.

34. NPC denies all allegations not specifically admitted herein.

## **AFFIRMATIVE DEFENSES**

35. NPC restates and incorporates Affirmative Defense Nos. 1 through 7 as though fully set forth herein.

WHEREFORE, Defendant NPC International, Inc. prays that judgment be entered in favor of Defendant NPC International, Inc.; that Plaintiff Rodney Dessberg's Complaint be dismissed herein; that Defendant NPC International, Inc. be awarded attorneys' fees, costs and

expenses incurred herein; and for such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendant NPC International, Inc. demands a jury trial on all issues so triable.

> Respectfully submitted,
>
> BARNETT, BOLT, KIRKWOOD,
> LONG & KOCHE
>
> */s/ Thomas G. Long*
> Thomas G. Long, Esq.
> Florida Bar Number: 367321
> 601 Bayshore Boulevard, Suite 700
> Tampa, Florida 33606
> (813) 253-2020 / Fax: (813) 251-6711
> tlong@barnettbolt.com
> Secondary emails: kturley@barnettbolt.com
> kbernstein@barnettbolt.com
> *Attorney for Defendant, NPC International, Inc.*
>
> and
>
> DUGGAN SHADWICK DOERR & KURLBAUM LLC
> John M. Duggan / Kansas Bar No. 14053
> Deron A. Anliker / Kansas Bar No. 16877
> 11040 Oakmont Street
> Overland Park, KS 66210
> 913-498-3536 / Facsimile: 913-498-3538
> jduggan@dsdklaw.com
> danliker@dsdklaw.com
> *Co-Counsel for Defendant, NPC International, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of March, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

> */s/ Thomas G. Long*
> Attorney

bbkldocs-#1016437